**GIRARD GIBBS LLP**
Daniel C. Girard (SBN 114826)
dcg@girardgibbs.com
601 California Street, Suite 1400
San Francisco, California 94108
Tel:   415-981-4800
Fax:   415-981-4846

**STUEVE SIEGEL HANSON LLP**
Patrick J. Stueve (*pro hac vice*)
stueve@stuevesiegel.com
Norman E. Siegel (*pro hac vice*)
siegel@stuevesiegel.com
Bradley T. Wilders (*pro hac vice*)
wilders@stuevesiegel.com
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel:   816-714-7100
Fax:   816-714-7101

**MILLER SCHIRGER, LLC**
John J. Schirger (*pro hac vice*)
jschirger@millerschirger.com
Matthew W. Lytle (*pro hac vice*)
mlytle@millerschirger.com
Joseph M. Feierabend (*pro hac vice*)
jfeierabend@millerschirger.com
4520 Main Street, Suite 1570
Kansas City, Missouri 64111
Tel:   816-561-6500
Fax:   816-561-6501

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY H. SMITHSON, Individually and On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>JACKSON NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No.: 2:17-cv-07485<br><br>**COMPLAINT CLASS ACTION**<br><br>DEMAND FOR JURY TRIAL |

## **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Roy H. Smithson ("Mr. Smithson" or "Plaintiff"), individually and on behalf of all others similarly situated, for his Class Action Complaint against Defendant Jackson National Life Insurance Company ("Jackson National" or "Defendant"), states and alleges as follows:

## **NATURE OF ACTION**

1. This is a class action for breach of contract and conversion to recover amounts that Defendant charged Plaintiff and the proposed class in excess of the amounts authorized by the express terms of their life insurance policies. Plaintiff's breach of contract claims are exclusively supported by the written provisions of his policy, which are materially the same as those of other policies held by the members of the proposed class, and not subject to individual negotiation.

2. The terms of Plaintiff's life insurance policy provide for an "Accumulation Value" consisting of monies held in trust by Defendant for Plaintiff, and Defendant is contractually bound to deduct from the Accumulation Value only those charges that are explicitly identified and authorized by the policy's terms.

3. Despite unambiguous language in the policy, which is a fully integrated agreement, Defendant breaches the policy by deducting charges from Plaintiff's Accumulation Value in amounts exceeding those specifically permitted by the policy, and those breaches are continuous and ongoing.

4. Defendant has caused material harm to Plaintiff and the proposed class by improperly draining monies they have accumulated in the Accumulation Values under their policies. Every unauthorized dollar taken from policy owners is one less dollar that can be used to increase the policyholder's Accumulation Value, pay future premiums, increase the death benefit, serve as collateral for loans against the policy, or fund a cash withdrawal.

5. Plaintiff brings this case as a class action under Federal Rule of Civil Procedure 23, individually and on behalf of the following persons (the "class"):

> All persons who own or owned a life insurance policy issued or administered by Defendant, the terms of which provide or provided for: 1) an insurance or cost of insurance charge or deduction calculated using a rate that is determined based on Defendant's expectations as to future mortality experience; 2) additional but separate policy charges, deductions, or expenses; 3) an investment, interest-bearing, or savings component; and 4) a death benefit.

6. On behalf of himself and the class, Plaintiff seeks to recover compensatory and punitive damages, as well as declaratory and injunctive relief.

## PARTIES

7. Plaintiff Roy H. Smithson is a citizen of the State of Indiana.

8. Defendant Jackson National is a corporation incorporated under the laws of the State of Michigan, with its principal place of business in Lansing, Michigan.

## JURISDICTION AND VENUE

9. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(d)(2), because this is a class action in which at least one member of the class is a citizen of a state different from Defendant, the amount in controversy exceeds $5 million exclusive of interest and costs, and the proposed class contains more than 100 members. Plaintiff's claims are meaningfully connected to California in that Plaintiff purchased the life insurance policy at issue in Canoga Park, California. Plaintiff resided and was employed in California for 23 years, and made premium payments on the policy during that time. Defendant purposefully directed its activities toward California and California residents and availed itself of the privileges of conducting business in California by: registering with the California Department of Insurance in 1969 and maintaining to present the state's authorization to transact insurance business; providing an agent for service of process in Los Angeles, California; and soliciting California residents to purchase insurance policies, including through an office in El Segundo, California. Based

on its regulatory filings, Jackson National does more business in California than in any other state.

10. Venue is proper in this judicial district under 28 U.S.C. § 1391 because Defendant is a resident of this district and a substantial portion of the events giving rise to Plaintiff's causes of action occurred in this district.

## FACTUAL BACKGROUND

11. Plaintiff purchased from Maccabees Mutual Life Insurance Company ("Maccabees Mutual"), Defendant's predecessor in interest, a "Flexible Premium Adjustable Life IV-250 (Preferred Life) Life Insurance Policy" bearing policy number 4046-087, with an effective date of September 3, 1985, and an initial specified amount of $100,000. A true and accurate copy of Plaintiff's policy (the "Policy," together with those of the proposed class, the "Policies") is attached hereto as Exhibit A, and incorporated herein by reference.

12. Sometime after Plaintiff purchased the Policy, Maccabees Mutual merged with the Royal Insurance Group and operated under the name Royal Maccabees Life Insurance Company until it was acquired by Swiss Reinsurance Company Ltd. ("Swiss Re"), and merged into Reassure America Life Insurance Company, a Swiss Re subsidiary, in approximately 1999.

13. On or about December 31, 2012, Reassure America Life Insurance Company was acquired by and merged into Defendant Jackson National Life Insurance Company.

14. Pursuant to a series of corporate acquisitions and mergers, Defendant is the effective and liable insurer of the Policy.

15. Plaintiff has always been both the "owner" and the "insured" under the Policy, which remains in force.

16. Defendant sold Plaintiff and the class the Policies, and administers and has administered all aspects of the Policies, including the collection of premiums, and the setting, assessing and deduction of policy charges.

17. The Policy "is a legal contract" between Plaintiff and Defendant. Ex. A at 1.

18. The entire contract between Plaintiff and Defendant consists of the Policy, the application for the Policy, any supplemental applications for increases in the specified death benefit amount, and any specification endorsements. Ex. A at 6.

19. The terms of the Policy are not subject to individual negotiation and are materially the same for all policyholders.

20. Only an officer of Defendant has authority to make the contract or change it in any respect. Ex. A at 6. No agent has the authority to waive any of Defendant's requirements under the Policy, or to make or alter any contract. Ex. A at 20.

21. In addition to a death benefit, the Policies provide policyholders an investment, savings, or interest-bearing component that accumulates value over time. Although the savings component in certain of the Policies may be identified by a different name, it is identified in the Policy and throughout this Complaint as the "Accumulation Value."

22. Generally speaking, under the express terms of the Policies, the Accumulation Value in any given month a policy is in force is calculated by: (a) adding a percentage of each monthly premium received to the prior month's Accumulation Value; (b) subtracting from that amount the amounts of any charges assessed and deducted by Defendant; and (c) adding to that total one month's interest earned on the difference between the prior month's Accumulation Value minus the current month's charges assessed and deducted by Defendant:

> On each Monthly Deduction Day the Accumulation Value shall be calculated as (a), plus (b), minus (c), plus (d), where:
> (a) is the Accumulation Value on the preceding Monthly Deduction Day.
> (b) is 93½ percent of all premiums received since the preceding Monthly Deduction Day.

    (c) is the monthly expense charge for the month preceding the Monthly Deduction Day.

    (d) is one month's interest on the result of item (a) less item (c).

On any day other than a Monthly Deduction Day, the Accumulation Value shall be calculated as (e), plus (f), minus (g), where:

    (e) is the Accumulation Value as of the preceding Monthly Deduction Day.

    (f) is 93½ percent of all premiums received since the preceding Monthly Deduction Day.

    (g) is the monthly expense charge for the month following the preceding Monthly Deduction Day.

The Accumulation Value on the Date of Issue shall be 93½ percent of the Initial Premium.

Ex. A at 9.

23. The Policy expressly defines the specific charges that Defendant may assess and deduct from the Policy's Accumulation Value. Defendant may assess and deduct only those charges allowed by the Policy.

24. The Policy authorizes Defendant to take from the Accumulation Value a "Monthly Expense Charge:"

    The Monthly Expense Charge shall be calculated as (h), plus (i), where:

    (h) is the Cost of Insurance (as described below) plus the cost of additional benefits provided by rider.

    (i) is the Administrative Charge shown on the Schedule Page.

    The Administrative Charge is the amount shown on the Schedule Page which will be deducted from the Accumulation Value each month that the Policy remains in force.

Ex. A at 9.

25. The Policy expressly defines how the Cost of Insurance, the first component of the Monthly Expense Charge, is calculated:

> The Cost of Insurance is determined on a monthly basis. The Cost of Insurance is determined separately for each Specified Benefit Amount. The Cost of Insurance for the Insured is calculated as (a), multiplied by the result of (b) minus (c), where:
>
> (a) is the Cost of Insurance Rate as described in the Cost of Insurance Rates section.
>
> (b) is the Insurance Proceeds at the beginning of the policy month divided by 1.0032737.
>
> (c) is the Accumulation Value at the beginning of the policy month.
>
> If the Accumulation Value is included in the Specified Benefit Amount and there have been increases in the Insurance Proceeds, then the Accumulation Value shall be first considered a part of the Initial Specified Benefit Amount. If the Accumulation Value exceeds the Initial Specified Benefit Amount, it shall then be considered a part of addition Specified Benefit Amounts resulting from increases in the order of the increases.

Ex. A at 9.

26. Under the explicit terms of the Policy, Defendant is authorized to use only the insured's sex, attained age, rating class, and its "expectations as to future mortality experience" when determining the Cost of Insurance Rates used to calculate the Cost of Insurance:

> The monthly Cost of Insurance Rate is based on the sex, attained age, and rating class of the person insured. Monthly Cost of Insurance Rates will be determined by the Company from time to time based on its expectations as to future mortality experience. However, the Cost of Insurance Rates will not be greater than those shown in the Table of Guaranteed Maximum Insurance Rates or as the same are amended by the

    rating factor, if any, shown on the Schedule Page. Any change in the Cost of Insurance Rates will be on a uniform basis for Insureds of the same age, sex and classification whose policies have been in force for the same length of time.

Ex. A at 9.

27. Sex, attained age, and rating class are factors commonly used within the life insurance industry to determine the mortality expectations of an insured or group or class of insureds. Because the Policy specifically identifies those factors as the defining components of the Cost of Insurance Rates, and expressly states that monthly Cost of Insurance Rates are based on Defendant's expectations as to future mortality experience, the parties agreed that Defendant's mortality expectations are what determine the Policy's Cost of Insurance Rates.

28. In addition to the Cost of Insurance, the Policy authorizes Defendant to include in the Monthly Expense Charge an Administrative Charge in the fixed, maximum amount of $5.00 per month. Ex. A at 3, 9.

29. Like Plaintiff's policy, the class's policies provide that Defendant is authorized to take similar periodic deductions from policyholders' Accumulation Values, including specifically, Cost of Insurance charges that are calculated using rates that Defendant must determine based on its expectation as to future mortality experience, and separate maintenance, administrative, or other expense charges or deductions in fixed amounts.

30. Although the Policies authorize Defendant to use only its "expectations as to future mortality experience" when determining Cost of Insurance Rates, Defendant uses other factors, not authorized by the Policy, when determining such rates, including without limitation, administrative and other expense experience and profit.

31. By including other factors in calculating Cost of Insurance Rates, Defendant knowingly causes those rates to be higher than what is explicitly authorized by the Policies.

32. By including unauthorized factors in Cost of Insurance Rates, Defendant repeatedly and continuously breaches the Policies by impermissibly inflating those rates such that they substantially exceed Defendant's "expectations as to future mortality experience."

33. The higher Cost of Insurance Rates used by Defendant cause the Monthly Cost of Insurance Charge to be greater than what is explicitly authorized by the Policies. Consequently, Defendant withdraws from the Accumulation Value an amount for the Cost of Insurance that is greater than that authorized under the Policies.

34. Each of Defendant's past and future Cost of Insurance deductions from the Accumulation Values of Plaintiff and the class constitutes a separate breach of contract.

35. As a direct and proximate result of Defendant's breaches, Plaintiff and the class have been damaged, and those damages are continuing in nature in that Defendant has deducted and will continue to deduct unauthorized amounts from policyholders' Accumulation Values.

36. By loading Cost of Insurance Rates with undisclosed administrative expense factors, Defendant repeatedly and continuously breaches the Policies by impermissibly deducting amounts from the Accumulation Values of Plaintiff and the Class in excess of the fixed and maximum Administrative Charge amounts expressly authorized by the Policies.

37. Each of Defendant's past and future Administrative Charge deductions from the Accumulation Values of Plaintiff and the class constitutes a separate breach of contract.

38. As a direct and proximate result of Defendant's breaches, Plaintiff and the Class have been damaged and those damages are continuing in nature in that Defendant has deducted and will continue to deduct administrative expenses from the Accumulation Values of Plaintiff and the Class in amounts not authorized by the Policies.

39. The nature of Defendant's conduct is such that Plaintiff and each member of the class was unaware that Defendant was engaging in wrongdoing by taking inflated

charges and improper amounts from Accumulation Values. Defendant possesses the actuarial information and equations underlying the computation of rates and charges for the Policy. The Cost of Insurance Rates used to calculate Cost of Insurance charges are not disclosed to policy owners, nor are the components or factors that comprise those rates. And, even if they were, Plaintiff and the members of the class would lack the knowledge, experience, or training to reasonably ascertain how Defendant calculated the rates and charges included in the Policy.

40. Defendant was aware that Plaintiff and each member of the Class did not know about the improper deductions because of its superior knowledge of the aforementioned computations. Defendant sent Plaintiff annual statements each year that identified each month's Cost of Insurance charge while affirmatively concealing the factors Defendant used to calculate the Cost of Insurance Rates. Concealment of its conduct and failure to disclose its conduct to Plaintiff and the class constitutes fraudulent concealment and therefore tolls the statute of limitations for Plaintiff and proposed class members. Plaintiff did not learn of Defendant's breaches until June 2017 after he engaged counsel and consulted an actuarial expert.

41. Plaintiff did not, nor could have, through reasonable diligence, discovered the facts establishing Defendant's breaches or the harm caused thereby.

## CLASS ACTION ALLEGATIONS

42. Plaintiff brings this lawsuit under Federal Rules of Civil Procedure 23 on behalf of himself and as a representative of the following class:

> All persons who own or owned a life insurance policy issued or administered by Defendant, the terms of which provide or provided for: 1) an insurance or cost of insurance charge or deduction calculated using a rate that is determined based on Defendant's expectations as to future mortality experience; 2) additional but separate policy charges, deductions, or expenses; 3) an investment, interest-bearing, or savings component; and 4) a death benefit.

9

COMPLAINT CLASS ACTION

43. Excluded from the class is Defendant, any entity in which Defendant has a controlling interest, any of the officers, directors, or employees of the Defendant, the legal representatives, heirs, successors, and assigns of the Defendant, anyone employed with Plaintiff's counsel's firms, any Judge to whom this case is assigned, and his or her immediate family. Also excluded from the class is any policy that explicitly discloses all of the factors Defendant used to calculate its rates and charges.

44. Plaintiff's claims satisfy the numerosity, typicality, adequacy, commonality and superiority requirements of Federal Rule of Civil Procedure 23(a), and the requirements of (b)(1), (b)(2), and (b)(3) for class treatment.

45. The numerosity requirement is satisfied, because there are hundreds and likely thousands of class members geographically dispersed throughout the United States, making the class so numerous that joinder is impracticable, and the disposition of their claims in a single action will provide a substantial benefit to all parties and to the Court.

46. Class members are readily ascertainable from information and records in Defendant's possession, custody, or control. Notice of this action can therefore be readily provided to the class, via first class mail, using information contained in Defendant's records.

47. Plaintiff's claims are typical of the claims of the class, because the express terms of the Policies purchased from Defendant by Plaintiff and proposed class members contain the same or similar limitations on the amounts Defendant can charge under the policies.

48. Plaintiff will fairly and adequately protect and represent the interests of the proposed class, because his interests are aligned with, and not antagonistic to, those of the proposed class. Plaintiff is represented by counsel who are experienced and competent in the prosecution of class action litigation, and have particular expertise with class action litigation on behalf of owners of universal life insurance policies like the Policies.

49. The facts of this case are also such that questions of law or fact common to the members of the class predominate over any questions affecting only individual

members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Questions of law or fact common to the class arising from Defendant's actions, include, without limitation, the following:

(a) Whether Defendant is permitted by the Policies to use factors other than those disclosed in the Policies to determine the monthly Cost of Insurance Rates used to calculate Cost of Insurance charges or deductions;

(b) Whether Defendant added, included, or relied on factors not specified in the Policies when determining the monthly Cost of Insurance Rates used to calculate Cost of Insurance charges or deductions;

(c) Whether Defendant added, included, or relied on factors unrelated to mortality expectations in setting and determining Cost of Insurance Rates, despite the policy provisions providing that Cost of Insurance Rates will be based on expectations as to future mortality experience;

(d) Whether Defendant breached the terms of the Policies;

(e) Whether the class sustained damages as a result of Defendant's breaches of contract;

(f) Whether the class is entitled to damages, restitution, and/or other equitable relief requiring Defendant to make deductions from Accumulation Values in accordance with the terms of the Policies in the future; and

(g) Whether the class, or a subset of the class, is entitled to declaratory relief stating the proper construction and/or interpretation of the Policies.

50.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Absent a class action, most class members would likely find the cost of litigating their claims prohibitively high and would have no effective remedy. Because of the relatively small size of the individual class members' claims, it is likely that few, if any, class members could afford to seek redress for Defendant's violations.

51. Class treatment of common questions of law and fact is superior to piecemeal litigation in that class treatment will conserve the resources of the courts and will promote consistency and efficiency of adjudication.

## COUNT I: BREACH OF CONTRACT

### (Cost of Insurance Charge)

52. The preceding paragraphs are incorporated by reference as if fully alleged herein.

53. Plaintiff and the class purchased life insurance policies—the Policies—from Defendant.

54. The Policies are valid and enforceable contracts between the Defendant and Plaintiff and class members.

55. Plaintiff and the class substantially performed their obligations under the terms of the Policies.

56. By including unauthorized and undisclosed factors in the monthly Cost of Insurance Rates, Defendant impermissibly causes those rates to be higher for the Policy and the Policies.

57. Because Defendant calculates Cost of Insurance charges using monthly Cost of Insurance Rates that are higher than those authorized by the Policies, Defendant has deducted and will deduct Cost of Insurance charges from the Accumulation Values of Plaintiff and the class in amounts greater than those authorized by their policies.

58. Defendant's practice of deducting charges in amounts not authorized by the Policies constitutes a breach of the policies.

59. As a direct and proximate result of Defendant's breach, Plaintiff and the class have sustained damages that are continuing in nature in an amount to be determined at trial.

## COUNT II: BREACH OF CONTRACT

### (Administrative Charge)

60. The preceding paragraphs are incorporated by reference as if fully alleged herein.

61. By loading monthly Cost of Insurance Rates with undisclosed administrative expense factors, Defendant impermissibly deducts administrative charges from the Accumulation Values of Plaintiff and the Class in amounts in excess of the fixed and maximum administrative charges expressly authorized by their policies.

62. By deducting unauthorized administrative charges from the Accumulation Values of Plaintiff and the Class, Defendant has breached and continues to breach the Policies.

63. As direct and proximate result of Defendant's breach, Plaintiff and the Class have been damaged and these damages are continuing in nature in an amount to be determined at trial.

## COUNT III: BREACH OF CONTRACT

### (Improving Mortality Expectations)

64. The preceding paragraphs are incorporated by reference as if fully alleged herein.

65. When setting monthly Cost of Insurance Rates, the Policies authorize Defendant to consider only its expectations as to future mortality experience.

66. Although mortality expectations have generally improved because people are living longer today than when the Policies were initially priced, Defendant has, on information and belief, failed to lower monthly Cost of Insurance Rates for the Policies.

67. Defendant's failure to lower these rates even though its expectations of future mortality experience improved constitutes a breach of the Policies.

68. As a direct and proximate result of Defendant's breach, Plaintiff and the Class have been damaged and these damages are continuing in nature in an amount to be determined at trial.

## COUNT IV: CONVERSION

69. The preceding paragraphs are incorporated by reference as if fully alleged herein.

70. Plaintiff and the class had a property interest in the funds Defendant deducted from their Accumulation Values in excess of the amounts permitted by the terms of the Policies.

71. By deducting Cost of Insurance charges and expense charges in unauthorized amounts from the Accumulation Values of Plaintiff and the class, Defendant assumed and exercised ownership over, and misappropriated or misapplied, specific funds held in trust for the benefit of Plaintiff and the class, without authorization or consent and in hostility to the rights of Plaintiff and class members.

72. Defendant continues to retain these funds unlawfully without Plaintiff and class members' consent.

73. Defendant's wrongful exercise of control over the personal property of Plaintiff and class members constitutes conversion.

74. As a direct and proximate result of Defendant's conduct, Plaintiff and the class have been damaged, and these damages are continuing in nature.

75. Although requiring expert testimony, the amounts of unauthorized Cost of Insurance charges and expense charges Defendant took from Plaintiff and the class are capable of determination, to an identified sum, by comparing Plaintiff's actual Cost of Insurance charge each month to a Cost of Insurance charge computed using a monthly Cost of Insurance rate determined using Defendant's expectations as to future mortality experience.

76. Defendant intended to cause damage to Plaintiff and the class by deducting more from their Accumulation Value than was authorized by the Policies. Defendant's systematic acts of conversion are therefore malicious and oppressive to Plaintiff and the class.

77. By reason of the foregoing, Plaintiff and class members are entitled to recover from Defendant all damages and costs permitted by law, including all amounts Defendant has wrongfully converted.

### COUNT V: DECLARATORY AND INJUNCTIVE RELIEF

78. The preceding paragraphs are incorporated by reference as if fully alleged herein.

79. An actual controversy has arisen and now exists between Plaintiff and the class, on the one hand, and Defendant, on the other, concerning the respective rights and duties of the parties under the Policies.

80. Plaintiff contends that Defendant has breached the Policies by using unauthorized and undisclosed factors to compute the monthly Cost of Insurance Rates under the Policies, Defendant impermissibly increased monthly Cost of Insurance Rates for the Policies and, as a result, withdrew Cost of Insurance charges from the Accumulation Values of Plaintiff and the class in an amount greater than those authorized by the Policies.

81. Plaintiff therefore seeks a declaration of the parties' respective rights and duties under the  Policies and requests the Court to declare the aforementioned conduct of Defendant as unlawful and in material breach of the Policies so that future controversies may be avoided.

82. Pursuant to a declaration of the parties' respective rights and duties under the Policies, Plaintiff further seeks an injunction temporarily, preliminarily, and permanently enjoining Defendant (1) from continuing to engage in conduct in breach of the Policies, and from continuing to collect unlawfully inflated charges in violation of the Policies; and (2) ordering Defendant to comply with terms of the Policies in regards to its assessment of charges against Plaintiff and class members' Accumulation Values.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, requests relief and judgment against Defendant as follows:

(a) That the Court enter an order certifying the class, appointing Plaintiff as a representative of the class, appointing Plaintiff's counsel as class counsel; and directing that reasonable notice of this action, as provided by Federal Rule of Civil Procedure 23(c)(2), be given to the class;

(b) For a judgment against Defendant for the causes of action alleged against it;

(c) For compensatory damages in an amount to be proven at trial;

(d) For punitive and exemplary damages;

(e) For a declaration that Defendant's conduct as alleged herein is unlawful and in material breach of the Policies;

(f) For appropriate injunctive relief, enjoining Defendant from continuing to engage in conduct related to the breach of the Policies;

(g) For pre-judgment and post-judgment interest at the maximum rate permitted by law;

(h) For Plaintiff's costs incurred; and

(i) For such other relief in law or equity as the Court deems just and proper.

Dated: October 12, 2017                    GIRARD GIBBS LLP

By: /s/ *Daniel C. Girard*
Daniel C. Girard (SBN 114826)
dcg@girardgibbs.com
601 California Street, Suite 1400
San Francisco, California 94108
Tel:   415-981-4800
Fax:  415-981-4846

Patrick J. Stueve (*pro hac vice* forthcoming)
stueve@stuevesiegel.com
Norman E. Siegel (*pro hac vice* forthcoming)
siegel@stuevesiegel.com
Bradley T. Wilders (*pro hac vice* forthcoming)
wilders@stuevesiegel.com
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel: 816-714-7100
Fax: 816-714-7101

John J. Schirger (*pro hac vice* forthcoming)
jschirger@millerschirger.com
Matthew W. Lytle (*pro hac vice* forthcoming)
mlytle@millerschirger.com
Joseph M. Feierabend (*pro hac vice* forthcoming)
jfeierabend@millerschirger.com
MILLER SCHIRGER, LLC
4520 Main Street, Suite 1570
Kansas City, Missouri 64111
Tel: 816-561-6500
Fax: 816-561-6501

*Attorneys for Plaintiff*